UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBIN MADDUX** | ) | |
| | ) | **Case Number** |
| **Plaintiff** | ) | |
| | ) | |
| vs. | ) | **CIVIL COMPLAINT** |
| | ) | |
| **PORTFOLIO RECOVERY** | ) | |
| **ASSOCIATES, LLC** | ) | **JURY TRIAL DEMANDED** |
| **A WHOLLY-OWNED** | ) | |
| **SUBSIDIARY OF PORTFOLIO** | ) | |
| **RECOVERY ASSOCIATES, INC.** | ) | |
| | ) | |
| **Defendant** | ) | |
| | ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Robin Maddux, by and through her undersigned counsel, Brent F. Vullings, Esquire, of Vullings Law Group, LLC, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Robin Maddux, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

## II.  JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant maintains an office located in this District.

## III.  PARTIES

4. Plaintiff, Robin Maddux, is an adult natural person residing at 604 East Weber Drive, Apartment 18, Tempe, Arizona 85281. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Portfolio Recovery Associates, LLC (Defendant), a wholly-owned subsidiary of Portfolio Recovery Associates, Inc, at all times relevant hereto, is and was a limited liability company engaged in the business of collecting debt within the State of Arizona and the Commonwealth of Pennsylvania with an office located at 1100 East Hector Street, Suite 250, West Conshohocken, PA 19428.

6. Defendant, Portfolio Recovery is engaged in the collection of debts from consumers using the telephone and mail.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.  FACTUAL ALLEGATIONS

7. In or around February 2012, Plaintiff began receiving calls to her home phone by Defendant attempting to collect on an alleged debt on a Capital One account.

8. Defendant was alleging Plaintiff owed approximately $4,219.81.

9. The Defendant repeatedly called Plaintiff's home phone throughout different times of the day.

10. The Defendant never left any messages but called relentlessly and on an almost daily basis.

11. After several months of harassing calls, on or around September 24, 2012, Plaintiff answered one of the phone calls and was told that the Defendant was attempting to contact Plaintiff because she owed on a Capital One account.

12. During this phone call Defendant's agent told Plaintiff she needed to make a payment on this account immediately.

13. Plaintiff politely informed Defendant's agent that the account Defendant is attempting to collect on is from approximately 2004 and past the statute of limitations.

14. Defendant's agent became very angry and rudely stated "it does not work that way you still owe, you need to pay".  Defendant's agent insisted on a payment arrangement.

15. During this phone call, Plaintiff requested that the incessant phone calls stop.

16. Unable to handle the constant harassing phone calls, on or around October 24, 2012 at approximately 4:00 p.m., Plaintiff answered another phone call from the Defendant.

17. Defendant's agent "Damian" claimed to be an "Account Executive" for the Defendant and was attempting to collect on the same alleged Capital One account.

18. Plaintiff once again politely informed Defendant's agent "Damian" that the account Defendant is attempting to collect on is from approximately 2004 and past the statute of limitations.

19. Defendant's agent "Damian" disregarded Plaintiff's attempt to inform Defendant that the account in past the statute of limitations and that she wanted no further contact yet the agent ignorantly stated "I will call back at a later time to follow-up".

20. Defendant continues to place collection calls to the Plaintiff several times per week despite their failure to provide validation of this account or a 30-day validation notice within 5 days of the initial communication.

21. The Defendant acted in a false, deceptive, misleading and unfair when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

22. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, the Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

23. At all times pertinent hereto, the Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

24. At all times pertinent hereto, the conduct of the Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## COUNT I – FDCPA

25. The above paragraphs are hereby incorporated herein by reference.

26. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

27. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly. |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692g: | Failure to send the consumer a 30-day validation notice within five days of the initial communication |
| §§ 1692g(b): | Collector must cease collection efforts until debt is validated |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Portfolio Recovery Associates, LLC, a wholly-owned subsidiary of Portfolio Recovery Associates, Inc, for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## V.  JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**VULLINGS LAW GROUP, LLC**

**Date: November 9, 2012**

**BY:  /s/  Brent F. Vullings BFV8435**
Brent F. Vullings, Esquire
Vullings Law Group, LLC
3953 Ridge Pike
Suite 102
Collegeville, PA 19426
P: 610-489-6060
F: 610-489-1997
Attorney for Plaintiff